# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WILSON EARL LOVE,<br><br>　　　Plaintiff,<br><br>v.<br><br>THE STATE OF NEVADA, *et al.*,<br><br>　　　Defendants. | Case No. 2:25-cv-01042-CDS-NJK<br><br>**Order** |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff has also filed a complaint. *See* Docket No. 1-1; *see also* Docket Nos. 1-2, 3 (duplicate filings).

## I. *In Forma Pauperis* Application

Plaintiff filed the affidavit required by § 1915(a). Docket No. 1. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a).

## II. Screening the Complaint

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**III. Analysis**

Plaintiff asserts claims against the State of Nevada, the 8th Judicial District Court, the Clark County Public Defenders, the Las Vegas Metropolitan Police Department ("LVMPD"), James Seebock, John McGroaty, Catherine Woolf, Sharon Dickinson, and Michael O'Callaghan. Docket No. 1-1 at 1-8. Plaintiff alleges that Defendants violated his civil rights between 1996 and 1997. *Id.* at 6-7. Plaintiff further alleges that the Public Defender's office violated his rights by proceeding to trial without cause, that LVMPD arrested him without cause, and that his criminal trial was commenced without cause. *Id.* at 6-7. Lastly, Plaintiff submits that he is an "ex-felon without cause." *Id.* at 7. Construing Plaintiff's claims liberally, it appears that Plaintiffs is

asserting claims for illegal search and seizure, malicious prosecution, and ineffective assistance of counsel. It also appears that Plaintiff is challenging his state convictions.

A § 1983 action cannot be used to collaterally attack a criminal conviction unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 484 (1994). In determining whether a claim is barred by *Heck*, the critical question is whether finding in the plaintiff's favor on a § 1983 claim would necessarily imply the invalidity of his conviction or sentence. *Szajer v. City of Los Angeles*, 632 F.3d 607, 611 (9th Cir. 2011). Claims arising out of alleged ineffective assistance by defense counsel, for malicious prosecution by the prosecutor, or challenging the voluntariness of a plea agreement are all barred under *Heck*. *See, e.g.*, *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995); *Mathis v. Amburgey*, 2023 WL 5052046, at *3 (D. Nev. Aug. 7, 2023).

In this case, Plaintiff alleges that he would not be an "ex-felon" if Defendants had not violated his constitutional rights, Docket No. 1-1 at 6-7, which clearly implies the invalidity of his conviction. However, the complaint fails to demonstrate that Plaintiff's conviction has been reversed, expunged, declared invalid, or called into question. Accordingly, Plaintiff cannot proceed with his claims in this civil action.[1]

Further, Plaintiff's allegations concern events that occurred in 1996 and 1997. Docket No. 1-1 at 6-7. Federal courts apply the forum state's personal injury statute of limitations for civil rights claims under 42 U.S.C. § 1983, as well as the forum state's law regarding tolling, including equitable tolling, when not inconsistent with federal law. *See Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999), *as amended on denial of reh'g and reh'g en banc* (Dec. 13, 1999). In Nevada, the applicable statute of limitations to commence a § 1983 claim is two years. *Perez v. Seevers*, 869

---

[1] Although the Court focuses herein on the *Heck* bar, there appear to be other potential obstacles to Plaintiff's claims, including failing to adequately plead the section 1983 elements, *e.g.*, *Thomas v. Row Casinos*, No. 3:19-cv-00566-RCJ-WGC, 2019 WL 7340505, at *2 (D. Nev. Dec. 13, 2019), and that public defenders are not generally considered state actors for purposes of § 1983 claim, *e.g.*, *Miranda v. Clark Cnty., Nev.*, 319 F.3d 465, 468 (9th Cir. 2003) (*en banc*).

F.2d 425, 426 (9th Cir. 1989).  Plaintiff commenced his lawsuit on June 13, 2025, Docket No. 1, and fails to explain how his complaint is timely.[2]

Having determined that Plaintiff's amended complaint fails to state any colorable claim for relief, the court must decide whether to afford Plaintiff leave to amend.  A plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear that the deficiencies cannot be cured by amendment.  *Cato*, 70 F.3d at 1106.  Leave to amend is not automatic, however, and "the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *City of Los Angeles v. San Pedro Boat Works*, 635 F.3d 440, 454 (9th Cir. 2011) (quoting *Ascon Props., Inc. v. Mobile Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)).

Having determined that Plaintiff's complaint fails to state any colorable claim for relief, the Court must decide whether to afford Plaintiff leave to amend.  A plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear that the deficiencies cannot be cured by amendment.  *Cato*, 70 F.3d at 1106.  Leave to amend is not automatic, however, and "the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *City of Los Angeles v. San Pedro Boat Works*, 635 F.3d 440, 454 (9th Cir. 2011) (quoting *Ascon Props., Inc. v. Mobile Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)).  The Court will afford Plaintiff an opportunity to amend the complaint if he believes that any of the above deficiencies can be cured.

### III. Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed in *forma pauperis* is **GRANTED**.  Plaintiff is not required to pay the filing fee of $405.  Plaintiff is permitted to maintain this action to conclusion

---

[2] Although the statute of limitations is an affirmative defense that may be waived by the defendant, it is appropriate to dismiss a claim at the screening stage when untimeliness is apparent from the face of the complaint.  *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (internal citations omitted); *See also Belanus v. Clark*, 796 F.3d 1021, 1024-25 (9th Cir. 2015) (affirming dismissal of pro se complaint upon screening pursuant to 28 U.S.C. § 1915A, in part, because prisoner's complaint, on its face, appeared to be untimely and barred by the applicable statute of limitations).

without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* does not extend to the issuance and/or service of subpoenas at government expense.

2. The complaint is **DISMISSED** with leave to amend. Plaintiff will have until **September 4, 2025** to file an amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

3. Failure to comply with this order will result in the recommended dismissal of this case.

IT IS SO ORDERED.

Dated: August 4, 2025

Nancy J. Koppe
United States Magistrate Judge